## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MICHAEL FARMER,**                    **CASE NO. 2:08-cv-00097**
                                       **CRIM. NO. 2:05-cr-195**
      **Petitioner,**              **JUDGE SMITH**
                                       **MAGISTRATE JUDGE ABEL**
**v.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

Petitioner was convicted pursuant to the terms of his negotiated guilty plea on October 18, 2006, while represented by counsel, on count one of the superseding indictment, which charged him with conspiracy to possess with intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A)(ii). Doc. Nos. 81, 87. On January 29, 2007, the Court sentenced petitioner to 170 months imprisonment, such sentence to run concurrently with his sentence in Criminal Number 2:96-CR-005(1), involving a violation of the terms of his supervised release.

On February 1, 2008, petitioner filed the instant *pro se* motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. §2255. He asserts as follows:

1. Counsel was ineffective in failing to explain the nature of the plea agreement.

Counsel failed to inform me that the terms in the plea agreement regarding my sentence would result in a sentence well above the statutory minimum sentence. I would not have signed the plea had I been aware of the sentence that the plea called for.

2. Counsel was ineffective in advising the petition[er] to sign the plea agreement.

Counsel failed to review any discovery with me. Counsel failed to discuss the terms of the plea agreement. I had no choice but to plead guilty as counsel failed to provide any other option.

3. Counsel was ineffective for failing to challenge uns[upported] sentencing enhancements.

Counsel failed to challenge factually unsupported sentencing enhancements regarding drug weight and an alleged leadership role in the offense.

4. Counsel was ineffective on appeal for failing to argue that the sentencing enhancements were improper.

Counsel failed to file an appellate brief challenging the improper imposition of the aforementioned sentencing enhancements.

It is the position of the respondent that petitioner's claims are without merit.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In response to petitioner's allegations, respondent has submitted an affidavit from Attorney Robert F. Krapenc, petitioner's defense counsel in this case, which indicates in relevant part:

I was retained along with E. Scott Shaw to represent Michael

Noah Farmer....

From the beginning of our representation we made it clear that if he went to trial he would be facing a 20 year mandatory minimum sentence due to his prior federal drug conviction. We also explained to him in detail that he would also be facing another term of imprisonment for the violation of his supervised release and this term of imprisonment could be consecutive to any sentence in the above captioned matter. We also made it clear that even if he plead guilty there was no way the government would recommend the mandatory minimum of 10 years. We informed the petitioner that if plead guilty [sic] and cooperated against others the government would not file the 21 U.S.C. 851 enhancement that would subject him to the 20 year mandatory minimum. The petitioner informed us that he wished to enter into a plea agreement and cooperate with the government. He was familiar with this process as he had plead guilty and cooperated with the government in his previous federal drug case. He fully understood by entering into the guilty plea he would not be receiving the 10- year mandatory minimum.

***

Both Mr. Shaw and I had extensive discussions with the petitioner regarding the evidence against him. Once petitioner indicated his wish to enter into plea negotiations I contacted government counsel to set up a proffer sessions. Mr. Farmer was brought to the federal courthouse on August 25, 2006, September 19, 2006, and October 4, 2006 for proffer sessions with government counsel and government agents. The case against the petitioner and his co-conspirators was discussed at length. After extensive discussions between defense counsel and the petitioner, he signed the plea agreement at the October 4th meeting. Mr. Farmer was fully aware of the evidence against him at the time he plead guilty and agreed to cooperate with the government. I personally went over each section of the plea agreement with Mr. Farmer including his role in the offense, a 2 level enhancement and the amount of cocaine,

between 50 and 150 kilograms, to be considered for relevant conduct. I explained to him that if he wished to plead guilty these determinations would be included in the plea agreement. It was his informed decision to sign the plea agreement and plead guilty.

\*\*\*

[S]entencing enhancements for drug weight and leadership role] were part of the plea agreement which the petitioner signed and agreed to at the time of the plea. These ... items were not challenged at sentencing as they had already been agreed to by all parties.

At the time of sentencing the petitioner did not request that defense counsel file an appeal of his sentence. The sentence that he received was below the advisory guideline range recommended in the PSIR, 210-262 months. Farmer was sentenced to a term of imprisonment of 170 months. I would never have counseled Farmer to appeal this sentence as it was; 1) below the advisory guideline range; 2) concurrent with the sentence for the violation of his supervised release ; and 3) was six years less than he would of received if the government had filed the notice of prior conviction leading to 20 year mandatory minimum. For a defense counsel to advise the petitioner to appeal this sentence would not have [been] in the best interest of the defendant. At no time during the ten days after the sentence did Farmer ask myself or Mr. Shaw to file a notice of appeal.

*Affidavit, Robert F. Krapenc.*

### INEFFECTIVE ASSISTANCE OF COUNSEL

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective

assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Upon review of the record, petitioner cannot meet this standard here.

Pursuant to the terms of his guilty plea agreement signed on October 4, 2006, the government dismissed counts two and three of the superseding indictment, and agreed not to pursue any additional charges against petitioner based on the activities charged. *Plea Agreement*, Doc. No. 81. Petitioner thereby substantially reduced his potential prison exposure, particularly since the filing of additional charges under 21 U.S.C. §851 may have exposed petitioner to an enhanced prison term.[1] Petitioner indicated that he understood

---

[1]

> 21 U.S.C. § 846 subjects persons convicted of conspiracies to violate federal drug laws to the same penalties as those prescribed for the offense that formed the object of the conspiracy. When an individual has a prior drug-related felony conviction, violation of 21 U.S.C. § 841(a)(1), which prohibits distribution or possession of controlled substances, carries an enhanced penalty. 21 U.S.C. § 841(b). Specifically, "[i]f any person commits such a violation after a prior conviction for a felony

he faced a mandatory minimum term of ten years, a maximum term of life, and that his sentence may be imposed consecutive to any sentence in Case Number 2:96-CR-005, for violating the terms of his supervised release. *Id.* Petitioner further acknowledged that he understood the Court had not yet determined a sentence and had the authority to impose any sentence within the statutory guidelines.

> The defendant is also aware that any estimate of the probable sentencing range under the United States Sentencing Guidelines that the defendant may have received from any source is a prediction, not a promise, and is not binding on the United States... or the Court. The United States makes no promise or representation concerning what sentence the defendant will

---

> drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years...." *Id.* To avail itself of this enhancement, however, the government must comply with 21 U.S.C. § 851(a), which provides in relevant part:
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon....
>
> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

*United States v. Soto*, 8 Fed.Appx. 535, 538-39, 2001 WL 493405 (6th Cir. May 2, 2001).

receive....

*Id.* Petitioner agreed that, for purposes of his recommended sentence under the United States Sentencing Guidelines, the amount of controlled substances to be attributed to him was 50 to 150 kilograms of cocaine for a base offense level of 36, that he had played a supervisory role in the offense, and he had accepted responsibility. *Id.* The government filed a motion for downward departure from the sentencing guidelines pursuant to 18 U.S.C. §3553(e) and §5K1.1 of the United States Sentencing Guidelines requesting a two level reduction in petitioner's offense level, which reduced petitioner's recommended sentence from 210 to 262 months incarceration to 168 to 210 months incarceration. Doc. No. 127. Although the probation officer had recommended a sentence of 210 months, the Court ultimately sentenced petitioner to 170 months, such sentence to run concurrent with his sentence in his other criminal case.

Petitioner indicated at the time of his guilty plea that he had discussed the charges and the case against him with his attorney and he was fully satisfied with the representation and advice of counsel. *Guilty Plea Transcript*, at 5; 11. The prosecutor summarized the terms of petitioner's guilty plea, including terms indicating that the District Court had authority to impose any sentence within the statutory range, and that any estimate he may have received from any source regarding his sentence was a prediction and not a promise, and not binding. *Id.*, at 6-8. The prosecutor also specifically stated that petitioner had agreed that the quantity of cocaine to be attributed to him was at least 50 but less than 150 kilograms for a base offense level of 36, and that he had played a supervisory role pursuant

7

to 3B1.3. *Id.*, at 8-9. Petitioner indicated that those were the terms of his plea agreement as he understood it. *Id.,* at 10. The Court again reviewed the maximum and minimum sentence petitioner faced. He indicated that he understood, and understood as well that he would not be able to withdraw his plea simply because he did not like the sentence the Court imposed. *Id.,* at 12-13. Petitioner stated he had discussed the impact of the advisory sentencing guidelines with his attorney. *Id.,* at 14. The Court advised petitioner of all of the rights he was waiving by entry of his guilty plea. He indicated that he understood. *Id.,* at 16. The Court advised petitioner of the elements of the charge against him. *Id.*, at 17-18. Agent Heufelder summarized the facts of the case as follows:

> From approximately October 2004, through June, 2005, Michael Noah Farmer was knowingly a member of a cocaine trafficking organization responsible for distributing between 50 and 150 kilograms of cocaine in Columbus, Ohio. During the same period Michael's father, Michael Farmer, was knowingly a member of the same group and responsible for conspiring to distribute between 5 and 15 kilograms.
>
> During this time Sylvester Branbilla supplied Michael Noah Farmer with shipments of cocaine for distribution in Columbus, Ohio. Farmer was personally responsible for negotiating each delivery from Branbilla and then arranged meetings with Branbilla or Branbilla's associates to pay the remainder of Farmer's outstanding balance.
>
> On several occasion during this period, including February 9, March 30 and April 12, Farmer directed Branbilla to deliver kilograms of cocaine to a location designated by Farmer, directed the occupant of that location to receive the cocaine from Branbilla, then directed his, Farmer's, customers to the same location to pick up the cocaine for distribution.
>
> Shortly before the delivery on February 9, Branbilla stated to

Farmer, he, Branbilla, was expecting over 20 kilograms of cocaine. And on April 12, 15 kilograms of cocaine were received after they were delivered at Farmer's direction, and three of Farmer's associates in this conspiracy were arrested. Individuals identified as Farmer's warehouse locations, or drop stops, included the residences of Chancey Roberson, Steven Lyles and Frank Houston.

On at least ten different occasions surveillance monitored or observed Branbilla meeting with Farmer for the purpose of collecting drug proceeds from Farmer. Michael Noah Farmer regularly received approximately 20 kilograms of cocaine for shipment.

On September 20, 2005, Farmer was arrested at this residence after being indicted by a grand jury in this district. The subsequent consent search of a safe deposit box associated with Farmer resulted in the seizure of $100,000 in cash.

Also during this period Michael N. Farmer's father assisted in his son's drug trafficking activities. On several occasions Mr. Farmer would collect drug proceeds from the previous transaction from Michael and deliver the money to one of the designated locations, who would, in turn, give the money to Branbilla or Branbilla's associates at the time of the next cocaine delivery. Mr. Farmer sometimes secured this money, regularly in excess of $200,000, overnight until the delivery occurred in the early morning hours of the following day. Mr. Farmer worked as a money courier throughout the term of the conspiracy and was always directed by his son, Michael.

Mr. Farmer was one of four individuals indicted by the grand jury this district on February 2 of this year and was charged with violating 21 U.S.C. 846, conspiracy to distribute a controlled substance, cocaine.

These events occurred in the Southern District of Ohio.

*Id.*, at 20-21. Petitioner agreed that this statement was accurate. *Id.*, at 21-22.

In view of the foregoing, petitioner's allegation here that his attorney failed to advise

him of the terms of his guilty plea, and that he would not have pleaded guilty had he

known that he would be sentenced to more than the mandatory minimum term is not

worthy of credit.

> [T]he representations of the defendant, his lawyer, and the
> prosecutor at [the guilty plea hearing], as well as any findings
> made by the judge accepting the plea, constitute a formidable
> barrier in any subsequent collateral proceedings. Solemn dec-
> larations in open court carry a strong presumption of verity.
> The subsequent presentation of conclusory allegations unsup-
> ported by specifics is subject to summary dismissal, as are
> contentions that in the face of the record are wholly incredible.
> *Machibroda, supra*, 368 U.S. at 495-496... *Price v. Johnston, supra*,
> at 334 U.S. 266, 286-287....

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner substantially reduced his potential

prison exposure by entry of his guilty plea, and it does not appear from the record that the

prosecution would have been unable to establish the charges against him. Further, he was

able to obtain a concurrent sentence with the sentence in his other pending criminal case

involving violation of the terms of his supervised release. Under such circumstances, it is

unlikely that competent counsel would have advised petitioner against pleading guilty.

In short, the record simply fails to support petitioner's claim that, but for the unreasonable

performance of defense counsel, he would not have pleaded guilty. *See Strickland v. Wash-*

*ington, supra; Hill v. Lockhart, supra*. Because petitioner agreed, pursuant to the terms of his

negotiated guilty plea, that he had a supervisory role in the offense, and agreed to the

quantity of drugs to be attributed to him, he likewise has failed to establish the ineffective

assistance of counsel based upon his attorney's failure to object to his sentence on this basis,

or to raise such issue on appeal. The Court notes that the PreSentence Investigation Report fails to support petitioner's contention that the sentencing enhancements regarding drug weight and his leadership role in the offense were without support. *See PreSentence Investigation Report*, ¶¶37, 40.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation.  See Thomas* v. *Arn,*

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


                                             s/Mark R. Abel
                                             United States Magistrate Judge